NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

MARGARET MACIK BY VERONICA MACIK, HER GUARD-
IAN, PETITIONER, v. HARRIET R. GOELLER, RE-
SPONDENT.

**Employe Whose Death Resulted from Accident Was Divorced from Wife, and Under Court Order Was Paying $10 Per Week for Support of Child—Was Child Total Dependent, Entitled to Thirty-five Per Cent. of Maximum, or Partial Dependent and Entitled to Thirty-five Per Cent. of $10 Per Week—Compromise Agreed to by All Parties.**

A formal claim petition having been filed in the above matter asking for compensation under the terms of the Compensation law of this state, and an answer having been duly filed, the same came on for a formal hearing before me in Newark, on Wednesday, April 29th, the petitioner being represented by Attorney Simon L. Fisch and the respondent by Attorney Richard W. Baker.

The facts of the case were that one George Macik suffered an injury by accident arising out of and in the course of the employment on October 10th, 1924, and, because of this injury, he died on the same date. He left surviving him a widow, Mrs. Veronica Macik, and one daughter, Margaret Macik, who was born on June 10th, 1915. Mrs. Macik had, some time previous to the accident, secured a divorce from the deceased, and had been awarded custody of the child, Margaret, and the deceased had been ordered to pay Mrs. Macik $10 a week towards the support of the child.

The deceased was earning $66 per week at the time of his death, and the attorney for the petitioner claimed that under the terms of the Compensation law the child was a total dependent, and, therefore, was entitled to thirty-five per cent. of the wages, or the maximum of $17 per week, until she become sixteen years of age. The attorney for the respondent,

on the other hand, maintained, in the first place, that the child was only a partial dependent, as the mother also contributed to the support of the child something in addition to the $10 per week paid by the deceased under an order of the court, and, therefore, that she was only entitled to $3.50 per week under the Compensation law. He further maintained that, even if it should be proved that it was a case of full dependency, the child would not be entitled to more than she was getting from the deceased at the time of his death under an award of the court.

After considerable discussion of the matter it was finally stipulated and agreed between all parties that the case be settled on the basis of an award to the child, Margaret Macik, of compensation at the rate of $12 per week from the date of the accident on October 8th, 1924, until June 10th, 1931, when she becomes sixteen years of age. It was further stipulated that the respondent would pay $150 for the funeral bill, and that the respondent would pay $125 towards whatever counsel fee was awarded to the attorney for the petitioner. Accordingly, on the stipulation entered into between the parties, I hereby determine that the respondent shall pay to Mrs. Veronica Macik for the minor, Margaret Macik, $12 a week from October 8th, 1924, up until June 10th, 1931. I further order that the respondent pay $150 for funeral bills, and I order that the attorney for the petitioner be paid a counsel fee of $325, $125 of which is to be paid by the respondent and the balance by the petitioner.

HARRY J. GOAS,<br>
<em>Deputy Commissioner.</em>